COUNTY OF MORRIS, PROSECUTOR, v. COUNTY OF ESSEX, DEFENDANT.

Argued January 18, 1927—Decided February 7, 1927.

Under the act conecrning counties' (*Pamph. L.* 1918, *p.* 608, as amended by *Pamph. L.* 1926, *p.* 753), which provides "if said boards (*i. e.*, boards of chosen freeholders) shall be unable to agree *in any respect* as to the manner or method of repairing or rebuilding any such viaduct or bridge," &c., is broad enough to include a controversy or dispute which concerns only the distribution of cost.

On *certiorari.*

For the prosecutor, *Charles A. Rathbun.*

For the defendant, *Arthur T. Vanderbilt.*

The opinion of the court was delivered by

BLACK, J.    A *certiorari* was allowed to review an order made by the Chief Justice dated November 27th, 1926, appointing three commissioners to be known as joint bridge commissioners of Morris and Essex counties.

The order was made under *Pamph. L.* 1918, *p.* 608, *ch.* 185; as amended by *Pamph. L.* 1926, *p.* 753, *ch.* 332.

The order and petition, under which the order was made, recite that the counties of Morris and Essex are now maintaining at their joint equal expense the bridge across the Passaic river, between the counties of Morris and Essex, known as the Two Bridges bridge; that the boards of chosen freeholders of said counties have agreed the bridge is now out of repair and should be rebuilt; that they have agreed upon plans and specifications prepared by their respective county engineers for that purpose; that they have disagreed as to the proportion of the cost of the new bridge which should be borne by each county. Hence, the concrete question presented for decision is, whether a dispute as to cost only is within the statute under which the order was made?

That statute is the act *Pamph. L.* 1926, *p.* 753. It is an amendment of the act of *Pamph. L.* 1918, *p.* 608, which act is entitled "An act concerning counties." It amends section 1306, and the amendment is in substance and form an amplification of that section. The act (*Pamph. L.* 1918, *p.* 608, § 1306) provides: "Any expense incurred by said commissioners shall, upon certification by them, be paid in equal proportions by the county collectors of each of said counties." The pertinent part of the act (*Pamph. L.* 1926, *p.* 753) out of which arose this controversy is as follows: "If said boards shall be unable to agree *in any respect* as to the manner or method of repairing or rebuilding any such viaduct or bridge, either of said boards may apply to a justice of the Supreme Court, who shall appoint three commissioners who shall meet forthwith and summarily inquire into the matter or matters in dispute."

The prosecutor writes down seven reasons for setting aside the appointment of the commissioners. The first three challenge the power of a Supreme Court justice to make the appointment under the statute, when, as here, the only dispute is in regard to the share of expense, which each county shall bear in the construction of a new bridge.

We are unable to follow the argument of the prosecutor, in that the statute does not include within its terms a dispute involving only the question of a proper distribution and proportion of the cost. The construction of the statute contended for is too narrow and, therefore, unsound. It is elementary, that the principle of construction to be applied to the act is, the act must be reasonably construed, so as to carry into effect the legislative intention. If a dispute concerning cost is not included within the meaning of the statute, then it must rest upon the idea "that words have no settled meaning or that language is powerless to express thought." We think that when the legislature used these words in the statute, "if said boards shall be unable to agree in any respect as to the manner or method of repairing or rebuilding any such viaduct or bridge," the legislature intended to cover just such a situation as has arisen between

these two counties. It certainly could not have intended to leave open, probably the most vital question in all such situations, viz., the proportion or distribution of the cost, over which, in all probability, there would be a deadlock in many cases, especially so when one county contends that it should not bear one-half of the expense.

Equally untenable and unsound are the other reasons filed for setting aside the order, viz., that the act is unconstitutional—

First, because it vests in commissioners the power to make contracts for the erection of bridges before the appropriation therefore has been made by the governing bodies of the counties;

Second, because it vests in such commissioners a power to make contracts without regard to the bonded indebtedness of the counties. These points call for no extended discussion.

The order appointing the commissioners is affirmed and the writ of *certiorari* is dismissed, with costs.